UNITED STATES DISTRICT COURT
for the
District of Massachusetts

| | |
|---|---|
| The Chaubunagungamaug Nipmuck Tribe,<br>Petitioner | ) EMERGENCY MOTION<br>) FOR EVALUATION OF THE<br>) CHAUBUNAGUNGAMAUG<br>) NIPMUCK TRIBE'S LEGAL<br>) RIGHT TO ACCESS THE<br>) UNITED STATES FEDERAL<br>) COURT SYSTEM UNDER<br>) 28 U.S. CODE § 1362<br>) AND AN EVALUATION OF<br>) THE TRIBE'S TREATY RIGHTS |

<u>**Emergency Motion
for Evaluation of the Chaubunagungamaug Nipmuck Tribe's
Legal Right to Access the United States Federal Court system
Under 28 U.S. Code § 1362 and
An Evaluation of the Tribe's Treaty Rights**</u>

The Chaubunagungamaug Nipmuck Tribe ("Tribe") is preparing to submit a Petition for a Writ of Certiorari to the United States Supreme Court in regards to a denial of an Application for Further Appellate Review by the Massachusetts Supreme Judicial Court as directed by the Tribal Council in a unanimous vote on July 8, 2023. The issue to be presented to the U.S. Supreme Court relates to the constitutional right of the Tribe, as an Indian tribe, of protection from penalties being issued by the courts of Massachusetts against the Tribe for attempting to access those courts (as had been indicated by a May 6, 2022 ruling by the Massachusetts Appeals Court).

  The Petition that the Tribe is preparing to submit to the U.S. Supreme Court will reference the Tribe's status as an Indian tribe and its claim of constitutional protection based on that status and of its treaty rights established by treaties with the Massachusetts Bay Colony in 1668 and 1681/2. An evaluation of the rights of the Tribe is advance of

1

the Petition, if the Tribe's arguments are affirmed, will be helpful to the content that the Tribe seeks to present, and to the court as it considers whether to allow.

28 U.S. § 1362 and *United States v. Washington*, 520 F.2d 676, 693 (9th Cir.1975) have directed evaluations of such matters before the district courts of the United States, and so the Tribe argues that this court is the proper judicial forum to evaluate such and to clarify for the U.S. Supreme Court these issues. Evidence of the arguments that the Tribe is making in support of its claim to access the federal courts of the United States (as an Indian tribe) and of its treaty rights, will be shown in an accompanying Memorandum of Fact in support of this motion.

The documents being submitted to the court by the Tribe are being submitted by a non-attorney, as is permitted to Indian tribes by *Fraass Survival Systems, Inc. v. Absentee Shawnee Economic Development Authority*, 817 F.Supp. 7 (S.D.N.Y. 1993).

### REQUEST FOR ORAL ARGUMENT

The Tribe believes that oral argument may assist the Court in its evaluation and it wishes to be heard in this format by the Court, consistent with Local Rule 7.1(d).

Respectfully submitted,

The Chaubunagungamaug Nipmuck Tribe

Represented by Gary R. McCann

*/s/ Gary R. McCann*

Policy Consultant,
MICDI (Muhheconneuk Intertribal Committee on Deer Island)
Representative and *Pro se* Lay Advocate for the Chaubunagungamaug Nipmuck Tribe
5 Wampus Avenue, Apartment #9
Acton, Massachusetts 01720
(978)263-8930

garyrmccann@yahoo.com

Dated: August 15, 2023

# Exhibit A

## Commonwealth of Massachusetts

## Commission on Indian Affairs

## List of Massachusetts Acknowledged Tribes 2008



# Commonwealth of Massachusetts
# DEPARTMENT OF HOUSING & COMMUNITY DEVELOPMENT
# COMMISSION ON INDIAN AFFAIRS

Deval L. Patrick, Governor ♦ Timothy P. Murray, Lt. Governor
Tina Brooks, Undersecretary ♦ John Peters, Jr. Executive Director

## Massachusetts State Acknowledged Tribes
## 2008

Chappaquiddick Wampanoag
232 North Main St
Andover, MA 01810
978-475-6959

Aleatha Dickerson, President
Patricia Potter, Clerk

Chaubunnagungamaug Nipmucks
280 Keys Rd., RFD
W. Brookfield, MA 01585,
413-436-5596
508-865-9828
508-347-7839

Wise Owl (Edwin Morse), Chief
Ken White Chairman

Hassanamisco Nipmucs
c/o Nipmuc Nation Tribal Council
25 Main Street
S. Grafton, MA 01527
774-293-1600

Walter Vickers, Chief
Muriel Geter, Clerk

Herring Pond Wampanoag Tribe
P.O. Box 27
Buzzards Bay, MA 02532
508-888-4290

Catherine Hunt

Mashpee Wampanoag Tribe
P.O. Box 1048
Mashpee, MA 02649
508-477-0208

Cedric Cromwell, Chairman

Pocasset Wampanoag Tribe
P.O. Box 9661
Fall River, MA 02720
508-676-5268

Edward Page, Chief

Seaconke Wampanoag Tribe
412 Taunton Avenue
Seekonk, MA 02771
508-336-8426

George Jennings, Chief
Mike Markley, Clerk

Wampanoag Tribe of Gay Head/Aquinnah
20 Blackbrook Road
Aquinnah, MA 02535
508-645-9265

Cheryl Andrews-Maltais, Chairperson




# Exhibit B

**Letter to The Honorable Robert N. Tochka**

**Suffolk Superior Court**

**From Chairman Ken White**

**Chaubunagungamaug Nipmuck Tribe**

**Civil Action No. 18-CV-03629-A**

*City of Quincy v. Kathleen A. Theoharides, et al.*

**October 14, 2019**



**Chaubunagungamaug Band of Nipmuck Indians**
P.O. Box 314, Fiskdale, MA 01518
Phone (508) 347-7829

24

October 14, 2019

The Honorable Robert N. Tochka
Commonwealth of Massachusetts
Superior Court
Administrative Office
Suffolk County Courthouse
13th Floor
Three Pemberton Square
Boston, Massachusetts 02108

Your Honor,

I am writing to regarding Massachusetts Superior Court Civil Action SUCV2018-03629-A, City of Quincy v. Kathleen Theohardis, et al. On July 16, 2019, the Massachusetts Superior Court allowed a motion to be filed on my behalf, an Emergency Motion to Intervene. Since then, the City of Boston and the Massachusetts Attorney General Office have both filed motions opposing my motion to intervene.

Among the contents of that motion was that I and my tribe were not represented by a member of the Massachusetts Bar. In fact, my representative, Gary McCann, was not allowed to even address the Court during the July 17 hearing on this case.

Our tribe is actively seeking an attorney to represent the concerns of the tribe before the court in this litigation, and there has been an active search in this matter since February of this year. We are in discussion with one attorney and a pro bono organization of attorneys who are considering our representation needs.

However, were no attorney to be available to represent us in the October 17 hearing on my motion, I would request the special consideration of the Court to allow Mr. McCann, MICDI policy consultant, to represent myself and the interest of our tribe in this litigation as our representative to articulate our request for relief from the Court.

I would like to bring four reasons why I am asking this special consideration of the Court:

1) We have reached out to the United States Department of Justice, through a special report submitted to that department on September 19, to represent us in this case, as a matter of fiduciary responsibility to the members of our tribe, who have always been in a trust relationship

1

with the United States as Indians, but the Justice Department has declined to represent us, citing that the issue is relating to State law;

2) As stated in "Judicial Enforcement of the Federal Responsibility to Indians," by Reid P. Chambers in **Stanford Law Review** (1975), pages 1214-1215, "Usually cases in courts of general jurisdiction concerning protection of Indian rights where federal officials are defendants arise under provisions in specific treaties, statutes, or executive orders or agreements. The central issue is such cases is generally the construction of these treaties, agreements, and statutes. Some cases concern promises or undertakings implied from the treaties, statutes, or agreements. Ordinarily courts interpret such instruments favorably to the Indians by relying on a presumed intent of the congressional or executive draftsmen to honor a trust obligation to them. But in all these cases, the statute, treaty, or agreement is the source of the duty, even though the trust relationship may influence its construction or implication.", our tribe, which has had a treaty relationship with Massachusetts dating back centuries, which treaty relationship has guaranteed protection (as has been documented in the MICDI report to the DOJ), it is hoped that the protection of our regulatory rights in this case, would not be excluded from being heard by this Court due to regulations of the Court that would otherwise exclude presentation of representation of a non-attorney;

3) This specific court (here in Sufffolk County) has had a long relationship with our tribe and its interests (as documented in the MICDI report to the DOJ), and the special consideration with respect to how those interests merit both protection and relief of this litigation, we believe, would be entirely consistent with this history and the role that this specific court has played in this past;

4) The interests of justice in allowing our tribe to have a voice and to be able to present evidence, which could otherwise be denied, especially given the seriousness of the issues at stake, being that the location at the center of the dispute in this litigation, Long Island in Boston Harbor, served as a concentration camp for Indians during the Spring of 1676, and we are seeking the preservation of this history through our efforts.

Again, we are in active discussion with parties who may become our attorney or attorney in this case. However, were our tribe to not secure representation prior to the October 17 hearing, we are asking for your special consideration to allow our representative, MICDI Policy Consultant Gary McCann, to address the Court to present our position and our request for relief, both in presentation and in materials such as motions and evidence being allowed to be filed and docketed in this litigation.

Sincerely,

*Kenneth White*

Chairman Ken White
Chaubunagungamaug Nipmuck Tribe